IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MYRA SMITH            PLAINTIFF

v.            CIVIL ACTION NO. 1:19-cv-00206-GHD-DAS

ALLSTATE INSURANCE COMPANY            DEFENDANT

**OPINION GRANTING PLAINTIFF'S MOTION TO REMAND**

Presently before this Court is Plaintiff's motion to remand this removed case to state court [7]. Upon due consideration, the Court finds that the motion should be granted.

***A.***      ***Factual and Procedural Background***

On October 29, 2019, the Plaintiff Myra Smith filed a complaint in the Circuit Court of Monroe County, Mississippi, against the Defendant Allstate Insurance Company [Doc. 2; Monroe Circuit Court Case No. 2019-410-PFM]. In her complaint, Smith alleges that Allstate has refused to pay settlement benefits contrary to the parties' policy of automobile insurance in relation to a motor vehicle accident involving the Plaintiff and another motorist [Doc. 2]. The Plaintiff asserts causes of action against Allstate for breach of contract, breach of the duty of fair dealing and good faith, bad faith, breach of fiduciary duties, gross and reckless negligence, and infliction of mental distress [Doc. 2]. In the complaint, the Plaintiff does not request a specific amount of damages, but alleges that her total damages are $11,571.60 [Doc. 2, at p. 4].

On November 19, 2019, Allstate filed a notice of removal [1], removing the case to this court based on diversity jurisdiction. The Plaintiff has now filed the pending motion to remand [7] the case to state court. As part of her motion, the Plaintiff has submitted a binding affidavit, attesting that she will not seek or accept any award of damages - compensatory, punitive, or

otherwise - in excess of $75,000.00, and that she will not, under any circumstances, amend her state court complaint to seek in excess of $75,000.00 [Doc. No. 14].

### B.     *Standard of Review*

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### C.     *Discussion*

In the case *sub judice*, it is undisputed that the first prong of federal diversity jurisdiction, complete diversity, is satisfied, because the Plaintiff is a Mississippi resident and the Defendant is a Delaware-based corporation. A question has arisen, however, regarding the second prong of federal jurisdiction - whether the amount in controversy exceeds $75,000.00. Although the Plaintiff's Complaint did not request a specific amount in damages be awarded, the Plaintiff has now stipulated by affidavit [Doc. 14] that she will neither seek nor accept damages in excess of $75,000.00, the federal diversity jurisdictional minimum.

Courts generally begin the amount-in-controversy analysis by " 'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional

threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [the Plaintiff] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.'" *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

If the amount in controversy is ambiguous at the time of removal, however, the Court may consider a post-removal stipulation or affidavit to determine the amount in controversy. See *Gebbia v. Wal–Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal ... if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding that when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Lafargue v. Comprehensive Health Management, Inc.*, No. CV 19-11111, 2020 WL 3832663, at *3 (E.D. La. July 8, 2020).

Here, the Plaintiff's complaint does not request a specific amount of damages, and thus the amount in controversy was ambiguous at the time of removal. The Plaintiff has submitted a post-removal affidavit [14], however, that the Court deems binding – affirming that she will not amend her state court complaint to seek greater than $75,000.00 and will not accept any damages award higher than that amount [Doc. 14]. Given the specificity and definitiveness of the affidavit, the Court finds that it may consider the affidavit in determining the amount in controversy, and hereby finds that amount in controversy in this matter is $75,000.00 or less, and thus the requirements for federal diversity jurisdiction are not present. See *De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who

3

want to prevent removal must file a binding stipulation or affidavit . . ."). The Court therefore finds that it is without jurisdiction to adjudicate this matter, and thus shall remand the case to state court for adjudication.

For all of the foregoing reasons, the Court finds that the Plaintiff's state court claims and complaint do not meet the federal diversity jurisdictional threshold; as a result, federal jurisdiction does not exist in this case and the case must be remanded to state court.

### D.  *Conclusion*

In sum, Plaintiff's motion to remand to state court [7] shall be granted because diversity jurisdiction is not present; this case shall therefore be remanded to the Circuit Court of Monroe County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 14th day of July, 2020.

　　　　　　　　　　　　　　　　　　　　　/s/ Glen H. Davidson
　　　　　　　　　　　　　　　　　　　　　SENIOR U.S. DISTRICT JUDGE